**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

CECIL ELLISON                                                    PLAINTIFF

v.                                    CASE NO. 3:05-CV-0144 GTE

RAY COVINGTON, and
RENTWAY, INC.                                                  DEFENDANTS

## ORDER

Presently before the Court is the Defendants' Joint Motion for Summary Judgment. The Court will grant summary judgment in favor of the Defendants.

## I.  Background

Plaintiff initiated this action on March 15, 2005 in the Circuit Court of Crittenden County, and filed an amended complaint on May 11, 2005. Plaintiff alleges that Defendant Covington, as an employee of Defendant Rentway, Inc., negligently installed and repaired a gas range stove purchased from Defendant Rentway. On April 23, 2002, this stove allegedly exploded, causing damage to Plaintiff and to his residence. A post-inspection by Synergy Gas Company purportedly revealed that improper installation of the gas stove caused said explosion.

On June 20, 2005, Defendants removed this action to the Eastern District of Arkansas, Jonesboro Division, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants filed this Joint Motion for Summary Judgment and a Statement of Undisputed Facts on March 20, 2006, in accordance with Local Rule 56.1(a). (Dkt. #15). Plaintiff failed to respond either

to the Motion or to the Statement of Undisputed Facts. Accordingly, pursuant to Local Rule 56.1(c),

the following material facts, set forth in the Statement of Undisputed Facts, are uncontroverted and

deemed admitted:

1.    Plaintiff purchased a stove from Rentway, Inc. in West Memphis, Arkansas.
2.    Mr. Ray Covington made an adjustment to Plaintiff's stove on December 20, 1999.
3.    Neither Mr. Covington nor a representative from Rentway, Inc. made adjustments to Plaintiff's stove after January of 2002.
4.    Plaintiff filed his Complaint in this suit on March 15, 2005.

(Statement of Undisputed Facts, Dkt. #15, p. 1).


## II.  Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most

favorable to the non-moving party, there is no genuine issue as to any material fact, so that the

dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.

1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in

determining whether this standard has been met:

The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary

judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

[T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once

> this is done, his burden is discharged, and, if the record in fact bears out
> the claim that no genuine dispute exists on any material fact, it is then the
> respondent's burden to set forth affirmative evidence, specific facts,
> showing that there is a genuine dispute on that issue.  If the respondent
> fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th

Cir. 1988) (citations omitted)(brackets in original)).

"A party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of [the record] . . .

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  However, the moving party

is not required to support its motion with affidavits or other similar materials negating the

opponent's claim.  *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute

on a material fact, the non-moving party may not rest upon the mere allegations or denials of his

pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth

specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. Rule 56(e).  The

plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving

party which, after adequate time for discovery, fails to make a showing sufficient to establish the

existence of an element essential to its case, and on which that party will bear the burden of proof

at trial.  *Celotex Corp.*, 477 U.S. at 322.


## III.  Discussion

Defendants seek summary judgment against Plaintiff's claims arguing that the Arkansas

statute of limitations bars this action. It is undisputed that Defendants made no adjustments to

Plaintiff's stove after January 2002, in other words, any alleged act of negligence by any

Defendant was complete by January 2002. Arkansas Code Ann. § 16-56-105 affords a three-year

statute of limitations for tort claims. As held by the Arkansas Supreme Court:

> It has long been the law in this state that a three-year statute of limitations
> applies to all tort actions not otherwise limited by law. The statute begins
> to run when the acts occur. However, affirmative actions of concealment
> of a cause of action will toll the statute of limitations. When there have
> been affirmative acts of concealment, the statute begins to run again at the
> time the cause is discovered or should have been discovered by reasonable
> diligence. We have stated that "no mere ignorance of the plaintiff of his
> rights nor the mere silence of one who is under an obligation to speak, will
> prevent the statutory bar." There must be some "positive act of fraud,
> something so furtively planned and secretly executed as to keep the
> plaintiff's cause of action concealed, or perpetrated in a way that conceals
> itself." Further, "if the plaintiff, by the exercise of reasonable diligence,
> might have detected the fraud, he is presumed to have had reasonable
> knowledge of it."

*O'Mara v. Dykema*, 328 Ark. 310, 317, 942 S.W.2d 854, 858 (Ark. 1997).

The record presents no issue of fact as to any "affirmative act of concealment" by any

Defendant to this action. Accordingly, the Court finds that the statute of limitations is not tolled

here, and that any alleged tort here was complete by January 2002. As Plaintiff filed the

Complaint here after the limitations period lapsed on January 2005, the Court concludes that

Plaintiff's tort claims are barred.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment (Dkt. #13) shall

be, and it is hereby, GRANTED.

Dated this 19th day of May, 2006.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE